Franklin P. Harris, *Admr. et al.*, for an Opinion.

June 12, 1928.

Present: Sweetland, C. J. Stearns, Rathbun, Sweeney, and Barrows, JJ.

Special Case for an Opinion.

Rathbun, J. The petitioners, having adversary interests in a question as to the construction of certain provisions of the will of Emizette F. Appleby, late of the town of Smithfield, deceased, have concurred in stating such question in the form of a special case for the opinion of this court.

The parties agreed upon the following facts: 1. Emizette F. Appleby deceased on December 1, 1926, in the town of Smithfield, seized and possessed of certain real estate and personal property located in said town. 2. That said real estate is of the proximate value of five thousand dollars. 3. That said Emizette F. Appleby executed an instrument purporting to be her last will and testament on July 3, 1923, which said will was probated in the probate court of said town of Smithfield on January 8, 1927. 4. That said Franklin P. Harris was appointed administrator c. t. a. of said estate. 5. That said will contains certain directions concerning the burial of the body of the testatrix in a burial ground, which had been in existence for at least fifty years prior to the decease of said testatrix, and for the erection of a monument and fence on said burial lot and after making certain small bequests directed that "after all just debts all I have spoken of are paid, what there is left is to be kept

on interest in the bank and the interest to be used every year for perpetual care of the cemetery forever." 6. The cemetery which this clause of the will refers to had been in existence for at least fifty years before the death of said testatrix. 7. That the personal estate being insufficient to pay the debts of said estate, said probate court on June 11, 1927, ordered a portion of the real estate sold for the purpose of paying the debts of the estate; that said real estate was sold; that there is a balance of $3,000 in the hands of the administrator of said estate and that there remains unsold certain unimproved real estate of the approximate value of $2,000.

The petitioners concur upon the above statement of facts in requesting an opinion of this court upon the question: Whether the above quoted clause of said will created a valid trust or whether said clause is void and of no effect.

Does the provision quoted from the will create a valid trust or do said provisions attempt to create a trust that violates the rule against perpetuities?

At common law a gift in trust to care for a cemetery was a private rather than a charitable trust and, if in perpetuity, was invalid for violating the rule against perpetuities. *Kelly* v. *Nichols*, 17 R. I. 306; *Sherman* v. *Baker*, 20 R. I. 446; *R. I. H. Tr. Co.* v. *Town Council*, 29 R. I. 393; *Shippee* v. *Ind. Trust Co.*, 43 R. I. 115; *Todd* v. *St. Mary's Church*, 45 R. I. 282. However, in this State town councils are authorized by statute to receive funds to hold in perpetuity for the care of burial lots, see Sec. 40, Chap. 51, G. L. 1923—and certain cemetery corporations have, by charter, been specially authorized to accept funds to hold in perpetuity for such purposes. In *R. I. H. Tr. Co.* v. *Town Council*, *supra*, it appeared that the town council of Warwick had refused to accept such a trust. Thereafter the legislature in 1915 adopted a provision, which is now Section 4, (i), Chapter 271, G. L. 1923, as follows: "Every trust company organized under the laws of this state shall have the power to accept and hold property given by will or otherwise transferred to it in trust for the care and preservation of

burial grounds which have been in existence for at least fifty years before the creation of said trust and of the stones, monuments, fences and other structures thereon, and to administer and apply said trust property in accordance with the terms of the trust; and shall likewise have the power to accept and hold property given it by will or otherwise transferred to it for the purposes aforesaid and administer said property in accordance with the terms of said trust.  Executors may transfer to any trust company any legacy given for any of the purposes aforesaid and such transfer shall be a valid discharge for said legacy.  Trusts for any of the purposes aforesaid are hereby declared to be charitable trusts."

In *Todd* v. *St. Mary's Church*, *supra*, it was held that a bequest to a church corporation in trust for the perpetual care of a burial lot was invalid.  The testator in attempting to create a trust bequeathed a fund to a corporation not authorized either by charter or statute to hold funds in perpetuity for such purposes.  In the case before us the testatrix did not make an invalid gift.  She created a trust but failed to name a trustee.  It is elementary that a court of equity will not permit a trust to fail for want of a trustee. 39 Cyc. 277. It is one of the duties of such a court to appoint trustees in such cases.  When the testatrix deceased the cemetery in question had been in existence for more than fifty years.  There appears to be no reason why the Superior Court should not appoint as trustee some trust company organized under the laws of this State.  When such a trustee has been so appointed, the wishes of the testatrix can be carried out by paying the residue—after the remaining real estate has been converted into cash—to such trustee "to be kept on interest in the Bank and the interest to be used every year for perpetual care of the cemetery forever."

Our answer to the question presented for our opinion is that the clause above quoted from the will of Emizette F. Appleby did create a valid trust.

On June 19, 1928, at 9 o'clock, a. m., Eastern Standard time, the parties may present a form of decree in accordance with this opinion.

*Clason, Brereton & Kingsley*, for administrator.
*Frank Steere*, for heirs at law.